[Docket No. 52]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

NICKY NAHAS,

        Plaintiff,

    v.

UNITED STATES OF AMERICA,

        Defendant.

Civil No. 19-18455 (RMB/SAK)

**OPINION**

**APPEARANCES:**
Brian M. Dratch
Franzblau Dratch, PC
Plaza One
354 Eisenhower Parkway
P.O. Box 472
Livingston, New Jersey 07039

    *On behalf of Plaintiff*

Kristin Lynn Vassallo
Office of the United States Attorney
for the District of New Jersey
970 Broad Street
Newark, New Jersey 07102

    *On behalf of Defendant*

**RENÉE MARIE BUMB, United States District Judge:**

This matter comes before the Court upon a Motion for Reconsideration filed by

Plaintiff Nicky Nahas ("**Plaintiff**") in this Federal Tort Claims Act ("**FTCA**") action.

[Docket No. 52.]  On July 12, 2022, this Court granted summary judgment in favor of

the United States of America ("**Defendant**"), finding that because Plaintiff had not timely filed his Complaint in this Court, his FTCA claim was barred pursuant to 28 U.S.C. § 2401(b) and the Government was entitled to judgment as a matter of law therefor.  [Docket No. 47, at 4–5 ("**July 12, 2022 Op.**".]

In his Motion, Plaintiff argues that summary judgment should have been precluded because there is a genuine and material factual issue whether he timely received a denial notice from the federal Bureau of Prisons ("**BOP**") regarding his administrative tort claim, [Docket No. 52-1, at 2 ("**Pl.'s Br.**")], and he avers that he never received such notice while in custody at Federal Medical Center, Devens ("**FMC Devens**"), [Docket No. 45 ¶¶ 7–9 ("**Pl.'s Aff.**")].  Thus, it is suggested, he did not timely file his FTCA claim in this Court because he lacked notice of the BOP's denial. The issue before this Court is whether an FTCA claimant must timely *receive* a denial notice to file suit challenging such administrative action.  Because the Court concludes that a claimant need not actually receive such notice to do so, Plaintiff's Motion for Reconsideration will be **DENIED**.

## I.   BACKGROUND

The Court briefly reviews the undisputed facts of record, though it already did so in greater detail in its prior Opinion.  [See July 12, 2022 Op.]  On January 1, 2018, Plaintiff allegedly suffered injuries from a slip and fall while incarcerated at Federal Correctional Institution, Fort Dix ("**FCI Fort Dix**").   [Docket No. 1 ¶¶ 1–2 ("**Compl.**").]  Pursuant to the FTCA, Plaintiff filed an administrative claim with the

BOP on or about June 27, 2018.  [*Id.* ¶¶ 3–4; *see also* Docket No. 41-7, Ex. 1.]  Almost eight months later, on February 22, 2019, the BOP denied Plaintiff's claim.  [Docket No. 41-7, Ex. 2.]  By that time, Plaintiff had been moved from FCI Fort Dix to FMC Devens, [*id.*, Ex. 4], so on that date Defendant sent Plaintiff a certified letter, addressed to Plaintiff at FMC Devens, denying his claim, [*id.*, Ex. 3].  Return receipt records indicate that the letter was received at FMC Devens on March 11, 2019.  [*Id.*[1]]  Plaintiff did not file suit in this Court until September 27, 2019.  [Compl.]

On February 7, 2022, Defendant moved for summary judgment on the grounds that Plaintiff failed to file suit within six months after the BOP denied his administrative claim, as required pursuant to 28 U.S.C. § 2401(b).  [*See generally* Docket No. 41-2.]  On July 12, 2022, just before the Court's Order and Opinion granting Defendant summary judgment were docketed, Plaintiff filed an affidavit in opposition to Defendant's Motion for Summary Judgment and alleged as follows: "I deny that I received the certified mail while at [] FMC Devens . . . I never received the notice denying my claim." [Pl.'s Aff. ¶¶ 7, 9.]  Upon receipt, the Court ordered Plaintiff to show cause as to why the Court should consider his late-filed Affidavit and reconsider its Opinion and Order.  [Docket No. 48.]  Plaintiff's counsel explained that the delay was the result of his failure to request an extension to respond to Defendant's Motion for Summary Judgment after he encountered issues notarizing the Affidavit.  [Docket No. 49.]  Thereafter, the Court granted Plaintiff leave to file a motion for

---

[1] Defendant indicates that the letter was received on March 4, 2019, [Docket No. 41-3 ¶ 5], but the Return Receipt itself clearly identifies March 11, 2019.

reconsideration, [Docket Nos. 50, 51], which Plaintiff did on September 2, 2022, Docket No. 52].  The Court now addresses the parties' arguments.

## II.   PLAINTIFF'S MOTION FOR RECONSIDERATION

### A.   Plaintiff's Argument

Plaintiff maintains that this Court erroneously granted summary judgment to Defendant on the basis that Plaintiff's claim under the FTCA was time-barred. Plaintiff argues that because "he never received notice of denial of the administrative claim from [D]efendant," "therefore the [C]omplaint against the [D]efendant was timely filed."  [Pl.'s Br. at 2.]  Accordingly, Plaintiff maintains that "there is an issue of fact that must be determined at a hearing about whether Plaintiff received timely notice from [D]efendant regarding [P]laintiff's administrative claim," so reconsideration of the Court's July 12, 2022 Opinion is warranted. [*Id.*]

### B.   Defendant's Response

Defendant opposes Plaintiff's Motion and asserts that there are no grounds for reconsideration because, "under the governing law, [Plaintiff]'s alleged failure to receive the tort claim denial does not have any bearing on his failure to timely file suit within the six-month statutory period." [Docket No. 55, at 3 ("**Def.'s Opp'n**").] Defendant alleges receipt of notice is "not relevant for purposes of determining the limitations period for the filing of [an] FTCA claim."  [*Id.*]  Accordingly, "even if [Plaintiff] could establish that he had not 'received timely notice from the [D]efendant,' this would not create an issue of fact to defeat summary judgment, as

there is no dispute that [Plaintiff] failed to bring this action within six months of the date the BOP sent its denial letter."  [*Id.* at 4.]  Defendant suggests that "courts in this Circuit 'have consistently found that the six-month period is triggered by the mailing of the final notice of denial, regardless of when, or if, it was received.' "  [*Id.* (citations omitted).]

Upon receipt of new information from the BOP, Defendant acknowledged in a letter to this Court that "the staff [of FMC Devens] was unable to locate any records indicating that [Plaintiff] received the February 22, 2019 denial letter."  [Docket No. 56, at 1.]  Despite this acknowledgement, Defendant still contends "failure to receive the denial letter would not have any bearing on Plaintiff's failure to timely file suit within the six-month statutory period."  [*Id.* at 2.]

## III.  LEGAL STANDARD

"A motion for reconsideration is a device of limited utility."  *Antonio-Villalba v. Hollingsworth*, 2013 WL 5592367, at *2 (D.N.J. Oct. 10, 2013) (Bumb, J.).   "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence."  *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985) (internal citation omitted).  Further, in this Court, a motion for reconsideration is governed by Local Civil Rule 7.1(i), which provides that "a motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge."[2]  L. Civ. R. 7.1(i).  Reconsideration

---

[2] The Court issued a Text Order on August 3, 2022 allowing Plaintiff to file a motion for reconsideration no later than September 2, 2022 (more than the 14 days

is an "extraordinary remedy" that should be granted "sparingly." *NL Indus. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996).

## IV.   DISCUSSION

Under the doctrine of sovereign immunity, the United States and its agencies cannot be sued unless there is consent to suit or waiver of sovereign immunity. *Stehney v. Perry*, 101 F.3d 925, 933 (3d Cir. 1996).  The waiver of sovereign immunity must be unequivocally expressed in statutory text and cannot be implied. *Lane v. Pena*, 518 U.S. 187, 192 (1996).  The FTCA is one such explicit waiver of sovereign immunity that allows plaintiffs to bring a cause of action "against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1).  However, the FTCA conditions its waiver of sovereign immunity on strict filing deadlines, as set forth below. *United States v. Kubrick*, 444 U.S. 111, 117 (1979).  "Because the [FTCA] constitutes a waiver of sovereign immunity, the Act's established procedures have been strictly construed." *Livera v. First Nat'l State Bank of N.J.*, 879 F.2d 1186, 1194 (3d Cir. 1989) (citation omitted).

The FTCA dictates that a tort claim will be "forever barred" unless it is presented to the appropriate Federal agency "within two years after such claim

---

allowed by Local Rule 7.1(i)).  [See Docket Nos. 51, 52.]  Plaintiff filed the present Motion for Reconsideration within this timeline, so the Court will not reject Plaintiff's filing as untimely.  [Docket No. 52.]

accrues" and then brought to federal court "within six months" after the agency addresses the claim. *United States v. Wong*, 575 U.S. 402, 405 (2015) (quoting 28 U.S.C. § 2401(b)[3]). "[B]oth conditions must be satisfied in order for a plaintiff to properly bring a claim under the FTCA." *Sconiers v. United States*, 896 F.3d 595, 598 (3d Cir. 2018). Accordingly, there is also an exhaustion requirement. Prior to filing suit in district court, a claimant must have first exhausted his administrative remedies:

> An action shall not be instituted upon a claim against the United States for money damages for. . . personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting with the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a). Importantly, "[t]he failure of an agency to make final disposition of a claim ***within six months after it is filed*** shall, at the option of the claimant any time thereafter, be ***deemed a final denial*** of the claim for purposes of this section." *Id.* (both emphases added). Final denial is a jurisdictional requirement that "cannot be waived." *Lightfoot v. United States*, 564 F.3d 625, 626–27 (3d Cir. 2009).

In determining whether claimants have exhausted their administrative remedies and complied with the filing deadline identified in § 2401(b), courts in this circuit have

---

[3] For reference, the exact text of the statute follows:

A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b).

focused on when the agency *sent* notice of its decision acting on the claim, not when the claimant *received* notice of the denial. *See, e.g., Stroman v. United States Postal Serv.*, 2022 WL 1983975, at *3 (E.D. Pa. June 6, 2022) ("Receipt, however, 'is not relevant for purposes of determining the limitations period for the filing of [an] FTCA claim.'") (quoting *Youlo v. United States*, 2013 WL 4479199, at *4 (E.D. Pa. Aug. 21, 2013)); *Anson v. United States*, 2021 WL 3572755, at *6 (W.D. Pa. July 7, 2021) (finding that plaintiff's claim was time-barred under § 2401(b) even though he alleged to have never received the denial notice, but applying equitable tolling to rescue his claim) (discussed *infra* page 10); *Perry v. United States*, 2021 WL 2345541, at *5 (M.D. Pa. June 8, 2021) (rejecting claimant's argument that receipt is a "necessary prerequisite to the onset of the running of the limitation period"). What matters, the *Stroman* court expressed, is whether the claimant filed his action in federal court "within six months after the date of *mailing*" of the denial notice. 2022 WL 1983975, at *3 (quoting 28 U.S.C. § 2401(b)).

While the Third Circuit does not appear to have addressed the question presented here, *Perry*, 2021 WL 2345541, at *5, other circuits have held that the limitation imposed by § 2401(b) begins to run on the day, or on the day after, the final notice is mailed. *See, e.g., Carr v. Veterans Admin.*, 522 F.2d 1355, 1357 (5th Cir. 1975) (finding the statute plainly requires an "action be begun within six months after the "date of mailing" based on allegiance to the policy enacted by Congress"); *Jackson v. United States*, 751 F.3d 712, 717 (6th Cir. 2014) (holding the FTCA does not require

that a claimant actually receive a denial letter in order for the six-month limitation period under § 2401(b) to commence); *Tribue v. United States*, 826 F.2d 633, 635 (7th Cir. 1987) ("Section 2401(b) bars tort claims against the government unless begun 'within six months after the date of mailing.' By using the language 'after the date of mailing' instead of 'from the date of mailing,' Congress has indicated its intent to exclude the mailing date from the limitations period."); *Berti v. V.A. Hosp.*, 860 F.2d 338, 340 (9th Cir. 1988) (holding that "the date of the initial mailing of a properly certified or registered letter begins the six-month statutory period" for an FTCA claim).

Here, Plaintiff's argument that he never received the BOP's denial notice—and thus the limitations period never began—is irrelevant to whether § 2401(b) precludes his claim, even if the Court assumes that he did not actually receive the denial notice for many months after it was mailed. The BOP denied Plaintiff's claim by certified letter dated February 22, 2019, [Docket No. 41-7, Ex. 2], and Plaintiff did not initiate this action until September 27, 2019, [Compl.]. Thus, under the ordinary and plain meaning of the text, Plaintiff did not commence suit "within six months after the date of mailing" of the denial notice. *See* 28 U.S.C. § 2401(b). Though somewhat harsh, the FTCA's filing deadlines must be "strictly construed," *Livera*, 879 F.2d at 1194, and numerous courts have held that receipt of the administrative agency's disposition is not a prerequisite for the six-month limitation period to commence, *see, e.g.*, *Stroman*, 2022 WL 1983975, at *3. The reason for the FTCA's strict deadline is, perhaps, obvious: it gives certainty to the date and prevents the type of fact-finding that this

case illustrates.  Accordingly, Plaintiff's claim filed in this Court is untimely whether or not he timely received the BOP's denial notice.

Additionally, while Plaintiff does not raise the doctrine of equitable tolling as a basis to "rescue a claim otherwise barred as untimely by a statute of limitations," *D.J.S.-W by Stewart v. United States*, 962 F.3d 745, 749 (3d Cir. 2020) (citation omitted), the Court finds that the argument merits brief discussion here, as the *Anson* court found that a claimant could pursue his FTCA action in federal court due to equitable tolling even though his claim was otherwise time-barred pursuant to § 2401(b), *see* 2021 WL 3572755, at *7–*8.  Equitable tolling permits a litigant to sue after a statute of limitations period has expired if the litigant can demonstrate: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in the way.  *Pace v. DiGuglielmo*, 555 U.S. 408, 418 (2005) (citing, for example, *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89 (1990)); *see also Wong*, 135 S.Ct. at 1630–31 (finding that claimant's delay in asserting FTCA claim was beyond claimant's control, as she sought leave to amend her complaint to include the claim within the six-month deadline and the delay in permitting her amended complaint was caused by the court).

Here, the record does not suggest that Plaintiff demonstrated the kind of due diligence and excusable neglect that could rescue his claim and warrant application of the doctrine of equitable tolling.  Plaintiff filed his claim with the BOP on June 27, 2018.  [Docket No. 41-7, Ex. 1.]  Six months later (or by late December 2018), Plaintiff could have construed the BOP's silence as a deemed "final denial" and pursued his claim in federal court.  *See* § 2675(a) ("The failure of an agency to make final

disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section."). But Plaintiff did not. Nor has he explained whether he sought information from the BOP about the pendency of his administrative claim, after December 2018 or later, or how or when he discovered the BOP's denial of his claim. Plaintiff's efforts do not establish the sort of diligence required to invoke equitable tolling. *See, e.g., Lewis v. United States*, 2022 WL 16638351, at *3 (D.S.C. Nov. 2, 2022) (holding that FTCA plaintiff's lack of inquiry, even assuming he never received a denial letter from BOP, did not demonstrate "diligent pursuit of his rights" and, as a result, could not support equitable tolling).

Therefore, the Court finds that Plaintiff has not identified a relevant and material factual issue that should have precluded summary judgment, and it concludes that reconsideration of the Court's July 12, 2022 Opinion is thus unwarranted. *See NL Indus.*, 935 F. Supp. at 516.

## IV.   CONCLUSION

For the reasons set forth above, the Court will **DENY** Plaintiff's Motion for Reconsideration. An accompanying Order shall issue on today's date.


January 31, 2023                                      s/Renée Marie Bumb
Date                                                        Renée Marie Bumb
                                                               United States District Judge